## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **KATHLEEN MOCK**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SHAW DEVELOPMENT, LLC**, a Florida limited liability company,<br><br>Defendant. | **CIVIL ACTION**<br><br>Case No.  **2:21-cv-143**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KATHLEEN MOCK** ("**MOCK**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.     This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), Americans with Disabilities Act (ADA), Florida Civil Right Act (FCRA), and the Family & Medical Leave Act (FMLA) for (1) gender discrimination in violation of Title VII, (2) gender discrimination in violation of the FCRA, (3) retaliation in violation of Title VII, (4) retaliation in violation of the FCRA (gender), (5) disability discrimination in violation of the ADA, (6) disability discrimination in violation of the FCRA, (7) retaliation in violation of the ADA, (8) retaliation in

violation of the FCRA (disability), (9) interference in violation of the FMLA, and (10) retaliation in violation of the FMLA.

## PARTIES

2.      The Plaintiff, **KATHLEEN MOCK** ("**MOCK**") is an individual and a resident of Florida who at all material times resided, in Lee County, Florida, and who worked for the Defendant in Lee County, Florida.

3.      Defendant, **SHAW DEVELOPMENT, LLC** ("**SHAW**") is a Florida limited liability company, and has a principal place of business in Lee County, Florida. **SHAW** employed **MOCK**.

4.      At all material times, **SHAW** employed greater than fifty (50) employees.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff currently resides in Hendry County (but worked in Lee County, Florida at all material times), and **SHAW** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

7.      **MOCK** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on November 27, 2020 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A).

## GENERAL ALLEGATIONS

8.      **MOCK** began her employment with **SHAW** on or about March 9, 2010and was employed as a tool maker machinist.

9.      **MOCK** always performed her assigned duties in a professional manner and was extremely well qualified for her position.

### Gender Discrimination/Retaliation

10.     **MOCK** is a female and as such is a member of a protected class.

11.     **MOCK** was the only female in **SHAW**'s machine shop.

12.     **MOCK** suffered severe and pervasive harassment based upon her gender and objected to the same to **SHAW** on several occasions.

13.     **MOCK** repeatedly suffered and objected to, *inter alia*, the following forms of gender-based harassment and discrimination: being assigned a heavier workload, being required to perform tasks not required of her male colleagues, being required to report nearly every detail of her daily productivity (whereas males were not), being ignored, being subjected to daily sexist remarks, jokes and comments, being demoted, being required to report any instance where she left her work area, recording a video and sending it to **MOCK**'s son where **SHAW**

3

employees told **MOCK's** son that she was a "bitch."  A **SHAW** employee would yell "hot flash" every time **MOCK** would turn on a fan, being spit on, and giving **MOCK** a poor performance review because her objections constituted "not getting along with others."

14.     **MOCK**'s last objection occurred on or about March 12, 2019

15.     However, **SHAW** took no remedial action of any kind, on any of **MOCK**'s objections.

16.     **MOCK** was separated from her employment on March 14, 2019.

**Disability Discrimination/Retaliation/FMLA**

17.     As a result of **SHAW** allowing the harassment of **MOCK** to continue unabated, **MOCK** developed flare-ups of her disabilities, which **SHAW** noticed.

18.     Nevertheless, **MOCK** always performed her assigned duties in a professional manner and was very well qualified for her position despite her impairments of the mental-emotional system.

19.     **MOCK**'s impairments impact her ability to perform major life activities, such as thinking and working when not in remission.

20.     **MOCK** has a history of these impairments that limits major bodily functions and several major life activities. **MOCK**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

21.     As her flare-ups worsened, on or about March 12, 2019, **MOCK** requested brief leave as a reasonable accommodation, which doubled as a request for FMLA leave.

22.     However, **SHAW** refused to provide **MOCK** with any reasonable accommodations or FMLA leave, notwithstanding **MOCK**'s entitlement to the same, though **SHAW** did email **MOCK** forms for her to enroll in the company's Employee Assistance Program (EAP) program.

23.     **MOCK** was separated from her employment on March 14, 2019.

24.     Consequently, **SHAW** discriminated against **MOCK** by refusing her request for reasonable accommodations, interfered with **MOCK**'s right to FMLA leave and reinstatement, and retaliated against her when she requested FMLA leave.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, GENDER HARASSMENT

25.     Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

26.     **MOCK** is a female and as such, is a member of a protected class.

27.     At all material times, **MOCK** was an employee and **SHAW** was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

28.     **MOCK** was, and is, qualified for the positions that she held with **SHAW**.

29.     **MOCK** has endured gender harassment, gender-based comments, jokes, and disparate treatment while employed, thereby altering the terms and conditions of her employment and creating a hostile work environment.

30.     The acts, failures to act, practices and policies set forth above constitute intentional discrimination on the basis of **MOCK**'s gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

31.      As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **MOCK** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

32.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MOCK** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

33.     As a direct and proximate result of **SHAW**'s actions, **MOCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

34.   **MOCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.   Injunctive relief directing Defendant to cease and desist from all gender harassment;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.   Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi.   Punitive damages;

vii.   Reasonable attorney's fees plus costs;

viii.   Compensatory damages, and;

ix.   Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, GENDER HARASSMENT

35.     Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

36.     **MOCK** is a female and as such, is a member of a protected class.

37.     At all material times, **MOCK** was an employee and **SHAW** was her employer covered by and within the meaning of the FCRA.

38.     **MOCK** was, and is, qualified for the positions that she held with **SHAW**.

39.     **MOCK** has endured gender harassment, gender-based comments, jokes, and disparate treatment while employed with **SHAW**, thereby altering the terms and conditions of her employment and creating a hostile work environment.

40.     The acts, failures to act, practices and policies of **SHAW** set forth above constitute intentional discrimination on the basis of **MOCK**'s gender in violation of the FCRA.

41.      As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **MOCK** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

42.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited

acts perpetrated against her, **MOCK** is entitled to all relief necessary to make her whole as provided for under the FCRA.

43.     As a direct and proximate result of **SHAW**'s actions, **MOCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

44.     **MOCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all gender harassment;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.     Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi.     Punitive damages;

vii.     Reasonable attorney's fees plus costs;

viii.     Compensatory damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

45.     Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

46.     **MOCK** is a female a person and, as such, is a member of a protected class.

47.     At all material times, **MOCK** was an employee and **SHAW** was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

48.     **MOCK** was qualified for the positions that she held with **SHAW**.

49.     **MOCK** endured continuous gender harassment, gender-based comments, inappropriate discipline, disparate treatment and inappropriate threats on her employment while employed with **SHAW**, thereby altering the terms and conditions of her employment and creating a hostile work environment,

which, after **MOCK** complained, caused the separation of her employment with **SHAW**.

50.     **MOCK** complained to **SHAW** about the gender harassment, hostile environment, violation of policies and retaliation, and **SHAW** clearly observed her growing discomfort concerning the same.

51.     **MOCK**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of **SHAW**.

52.     Said protected activity was the proximate cause of **SHAW**'s negative employment actions against **MOCK**.

53.     Instead of preventing said treatment, **SHAW** retaliated against **MOCK**.

54.     The acts, failures to act, practices and policies of **SHAW** set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

55.      As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **MOCK** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

56.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the

prohibited acts perpetrated against her, **MOCK** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

57.     As a direct and proximate result of **SHAW**'s actions, **MOCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

58.     **MOCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Punitive damages;

vii.    Reasonable attorney's fees plus costs;

viii.   Compensatory damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

59.     Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

60.     **MOCK** is a female a person and, as such, is a member of a protected class.

61.     At all material times, **MOCK** was an employee and **SHAW** was her employer covered by and within the meaning of the FCRA.

62.     **MOCK** was qualified for the positions that she held with **SHAW**.

63.     **MOCK** endured continuous gender harassment, gender-based comments, inappropriate discipline, disparate treatment and inappropriate threats on her employment while employed with **SHAW**, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **MOCK** complained, caused the separation of her employment with **SHAW**.

13

64.   **MOCK** complained to **SHAW** about the gender harassment, hostile environment, violation of policies and retaliation, and **SHAW** clearly observed her growing discomfort concerning the same.

65.   **MOCK**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of **SHAW**.

66.   Said protected activity was the proximate cause of **SHAW**'s negative employment actions against **MOCK**.

67.   Instead of preventing said treatment, **SHAW** retaliated against **MOCK**.

68.   The acts, failures to act, practices and policies of **SHAW** set forth above constitute retaliation in violation of the FCRA.

69.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MOCK** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

70.   As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MOCK** is entitled to all relief necessary to make her whole as provided for under the FCRA.

71.   As a direct and proximate result of **SHAW**'s actions, **MOCK** has suffered damages, including but not limited to, a loss of employment opportunities,

loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

72. **MOCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.     Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.     Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.    Punitive damages;

vii.   Reasonable attorney's fees plus costs;

viii.   Compensatory damages, and;

ix.   Such other relief as this Court shall deem appropriate.

## COUNT V – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

73.   Plaintiff incorporates by reference Paragraphs 1-9 and 17-24 of this Complaint as though fully set forth below.

74.   At all relevant times, **MOCK** was an individual with a disability within the meaning of the ADAAA.

75.   Specifically, **MOCK** has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by **SHAW** as having such impairments.

76.   **MOCK** is a qualified individual with disabilities as that term is defined in the ADAAA.

77.   **MOCK** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with **SHAW**.

78.   At all material times, **MOCK** was an employee and **SHAW** was her employer covered by and within the meaning of the ADAAA.

79.   **SHAW** was made aware and was aware of **MOCK**' disabilities, which qualify under the ADAAA.

80.    **SHAW** discriminated against **MOCK** with respect to the terms, conditions, and privileges of employment because of her disabilities.

81.    **SHAW** conducted itself with malice or with reckless indifference to **MOCK**' federally protected rights.

82.    **SHAW** discriminated against **MOCK** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

83.    The conduct of **SHAW** altered the terms and conditions of **MOCK**'s employment and **MOCK** suffered negative employment action in the form of discipline and termination.

84.    As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **MOCK** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

85.    As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MOCK** is entitled to all relief necessary to make her whole.

86.    As a direct and proximate result of **SHAW**'s actions, **MOCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits,

humiliation, and non-economic damages for physical injuries, mental and emotional distress.

87. **MOCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.   Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.   Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.   Compensatory damages;

viii.   Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT VI – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT-DISABILITY DISCRIMINATION

88.     Plaintiff incorporates by reference Paragraphs 1-9 and 17-24 of this Complaint as though fully set forth below.

89.     At all relevant times, **MOCK** was an individual with a disability within the meaning of the FCRA.

90.     Specifically, **MOCK** has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by **SHAW** as having such impairments.

91.     **MOCK** is a qualified individual with disabilities as that term is defined in the FCRA.

92.     **MOCK** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with **SHAW**.

93.     At all material times, **MOCK** was an employee and **SHAW** was her employer covered by and within the meaning of the FCRA.

94.     **SHAW** was made aware and was aware of **MOCK**' disabilities, which qualify under the FCRA.

95.     **SHAW** discriminated against **MOCK** with respect to the terms, conditions, and privileges of employment because of her disabilities.

19

96.   **SHAW** conducted itself with malice or with reckless indifference to **MOCK'** protected rights under Florida law.

97.   **SHAW** discriminated against **MOCK** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

98.   The conduct of **SHAW** altered the terms and conditions of **MOCK'** employment and **MOCK** suffered negative employment action in the form of discipline and termination.

99.   As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MOCK** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

100.   As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MOCK** is entitled to all relief necessary to make her whole.

101.   As a direct and proximate result of **SHAW'**s actions, **MOCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

102.    **MOCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.    Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.    Reasonable attorney's fees plus costs;

vii.    Compensatory damages;

viii.    Punitive damages, and;

ix.    Such other relief as this Court shall deem appropriate.

## COUNT VII – VIOLATION OF THE ADAAA- RETALIATION

103.   Plaintiff incorporates by reference Paragraphs 1-9 and 17-24 of this Complaint as though fully set forth below.

104.   Following **MOCK**'s re-request for reasonable accommodation and objection to disability discrimination, **SHAW** retaliated by altering the terms and conditions of her employment by terminating **MOCK**.

105.   **MOCK**'s objection to disability discrimination constitutes a protected activity because such objections were in furtherance of rights secured to her by law.

106.   Said protected activity was the proximate cause of **SHAW**' negative employment actions against **MOCK** including changed working conditions, discipline, and ultimately termination.

107.   Instead of ceasing its disparate treatment based upon disability, **SHAW** retaliated against **MOCK** via changed working conditions, discipline, and termination.

108.   The acts, failures to act, practices and policies of **SHAW** set forth above constitute retaliation in violation of the ADAAA.

109.    As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **MOCK** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

110.   As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MOCK** is entitled to all relief necessary to make her whole as provided for under the ADAAA.

111.   As a direct and proximate result of **SHAW'** actions, **MOCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

112.   **MOCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.   Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v.      Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## COUNT VIII – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

113.   Plaintiff incorporates by reference Paragraphs 1-9 and 17-24 of this Complaint as though fully set forth below.

114.   Following **MOCK**'s re-request for reasonable accommodation and objection to disability discrimination, **SHAW** retaliated by altering the terms and conditions of her employment by terminating **MOCK**.

115.   **MOCK**'s objection to disability discrimination constitutes a protected activity because such objections were in furtherance of rights secured to her by law.

116.    Said protected activity was the proximate cause of **SHAW**'s negative employment actions against **MOCK** including changed working conditions, discipline, and ultimately termination.

117.    Instead of ceasing its disparate treatment based upon disability, **SHAW** retaliated against **MOCK** via changed working conditions, discipline, and termination.

118.    The acts, failures to act, practices and policies of **SHAW** set forth above constitute retaliation in violation of the FCRA.

119.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MOCK** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

120.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MOCK** is entitled to all relief necessary to make her whole as provided for under the FCRA.

121.    As a direct and proximate result of **SHAW**'s actions, **MOCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

122.   **MOCK** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.  Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.    Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.  Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT IX – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

123.    The Plaintiff hereby incorporates by reference Paragraphs 1-9 and 17-24 in this Count by reference as though fully set forth below.

124.    **MOCK** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **MOCK** worked more than 1,250 hours in the preceding 12 months of employment with the **SHAW**.

125.    **MOCK** informed **SHAW** of her need for leave due to her serious health conditions.

126.    **SHAW** was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

127.    If **SHAW** were to have decided that **MOCK**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

128.    **SHAW** has never provided **MOCK** with any notice disqualifying her FMLA leave.

129.     In fact, **SHAW** determined that **MOCK** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and reinstatement.

130.     **MOCK** engaged in activity protected by the **FMLA** when she requested leave due to her serious health conditions and reinstatement, consistently informing the **SHAW** of the same.

131.     **SHAW** knew, or should have known, that **MOCK** was exercising her rights under the FMLA.

132.     **MOCK** complied with all of the notice and due diligence requirements of the FMLA.

133.     **SHAW** was obligated to provide **MOCK**, an employee who requested FMLA leave, up to 12 weeks of unpaid leave and then reinstatement to her former position or an equivalent position with the same pay, benefits, and working conditions when she returns to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

134.     **SHAW** failed to grant leave and to return **MOCK** to her former position or an equivalent position in violation of the FMLA.

135.     A causal connection exists between **MOCK**'s request for FMLA-protected leave and reinstatement and **SHAW**'s termination of her employment.

136.   **SHAW** engaged in willful retaliation in violation of the FMLA by terminating **MOCK**'s employment because she engaged in activity protected by the FMLA.

137.   As a result of the above-described violations of FMLA, **MOCK** has been damaged by **SHAW** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT X – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

138.   The Plaintiff hereby incorporates by reference Paragraphs 1-9, 17-24 and 124-136 in this Count by reference as though fully set forth below.

139.   **MOCK** engaged in activity protected by the FMLA when she requested leave due to her serious health condition, consistently informing the **SHAW** of the same verbally and in writing, and when she demanded reinstatement.

140.   **SHAW** knew, or should have known, that **MOCK** was exercising her rights under the FMLA and was aware of **MOCK**'s need for FMLA-protected absence.

141.   A causal connection exists between **MOCK**'s request for FMLA-protected leave and her termination from employment with **SHAW** because **MOCK** engaged in statutorily protected activity by requesting, taking and demanding reinstatement from FMLA leave.

142.   **SHAW** retaliated by altering the terms and conditions of **MOCK**'s employment by refusing to return her to work, thereby terminating **MOCK**'s employment because she engaged in the statutorily protected activity of requesting, taking and demanding reinstatement from FMLA leave. **SHAW** and **DR. PRASAD** refused to return **MOCK** to work because **MOCK** requested and took FMLA leave and terminated her because she engaged in this statutorily protected activity.

143.   **SHAW** engaged in willful and intentional retaliation in violation of the FMLA by terminating **MOCK**'s employment because she engaged in activity protected by the FMLA.

144.   As a result of the above-described violations of FMLA, **MOCK** has been damaged by **SHAW** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KATHLEEN MOCK**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: February 23, 2021        **/s/ Benjamin H. Yormak**
                                Benjamin H. Yormak
                                Florida Bar Number 71272
                                Trial Counsel for Plaintiff
                                YORMAK EMPLOYMENT & DISABILITY LAW
                                9990 Coconut Road
                                Bonita Springs, Florida 34135
                                Telephone: (239) 985-9691
                                Fax: (239) 288-2534
                                Email: byormak@yormaklaw.com